40 C.C.P.A.(Patents)

**Application of PHELAN.**

**Patent Appeal No. 5957.**

United States Court of Customs and Patent Appeals.

June 3, 1953.

Harvey B. Jacobson, Washington, D. C. (John H. Lewis, Jr., Washington, D. C., of counsel) for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States

Patent Office, one member dissenting, affirming the rejection by the examiner of appellant's application, filed August 21, 1947, for a patent for alleged new and useful improvements in a "Finger Ring."

The three claims in appellant's application were rejected by the board, but in oral argument here counsel for appellant moved to dismiss the appeal as to two of them. That motion being granted, the only claim remaining is claim 6 which reads:

"6. In a finger ring, the combination of a set of inner and outer bars disposed on contacting relation and secured together at points spaced inwardly from the ends thereof, intermediate portions of the inner bars in the set constituting an arcuate band, intermediate portions of the outer bars being angulated upwardly and outwardly and providing arcuate side members at the top of the band, free end portions of said bars being divergent and secured to said side members to provide a socket, and a stone mounted in said socket."

The application was rejected on the ground of double patenting in view of a single reference, namely, appellant's design patent No. 150,726, dated August 24, 1948, on an application filed July 18, 1947.

The structure of appellant's device is sufficiently described in the claim.

The drawing which accompanied the design patent application and the drawing of the instant application for a mechanical patent both illustrate the same article.

Appellant contends that the Patent Office erred in holding that the claims constituted double patenting because they were "readable" on the disclosure contained in the design patent, and further erred in holding that any ring made in accordance with the claims would inevitably produce a structure so similar to the design patent that said patent would thereby be infringed.

■ The records and briefs before us have been carefully examined but we fail to find error on the part of the board in denying the application.

■ It is axiomatic that only one patent can be issued for one invention. The fact that identical drawings of the ring accompanied both applications is in itself persuasive that only one inventive concept was present.

However, in support of his contention that there is a patentable distinction between the structure of the design patent and that of the instant application, appellant produced, at the time of his motion for rehearing before the Board of Appeals, a drawing of a ring which he alleged was obviously different from that of the design patent but still read on the involved claims. That drawing is not evidence of conception before the application was filed nor is it evidence that it was ever conceived by appellant. But even if we assume the soundness of that contention, we do not believe it dispositive of the issue here.

While it might be true that the limitations of the claim would allow the construction of a ring which does not duplicate the design patent, it does not follow that the same claim does not also read on the ring of the design patent. If, therefore, a patent were granted on the present application such action would preclude the public from benefiting after expiration of the term of the design patent.

■ Under the circumstances of this case, wherein the alleged design and mechanical inventions reside in substantially identical structures, we are of the opinion that the issuance of a second patent would not be justified.

The decision of the Board of Appeals is affirmed.

Affirmed.